## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

Kate Barton, on behalf of herself and all
others similarly situated,

               Plaintiff,

v.

Specialized Loan Servicing, LLC,

               Defendant.

**Case No.: 13-cv-2366 (SRN/FLN)**

_____

## ORDER PRELIMINARILY
## APPROVING CLASS ACTION SETTLEMENT
_____

      This matter came on for hearing before the undersigned United States Judge on November 24, 2014, upon motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set for in a Stipulation of Settlement dated November 17, 2014 ("Stipulation"). All capitalized terms in this Order shall have the meanings given them in the Stipulation.

      Plaintiff Kate Barton (hereinafter "Plaintiff") was represented by her counsel Thomas J. Lyons, Jr. of the Consumer Justice Center P.A. (hereinafter "Class Counsel"). Defendant Specialized Loan Servicing, LLC (hereinafter "SLS"), was represented by its counsel Ellen B. Silverman of Hinshaw & Culbertson LLP. Plaintiff

1

and SLS are collectively referred to as the Parties.

The Court having heard the arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the Parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised:

**IT IS HEREBY ORDERED,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The representations, agreements, terms, and conditions of the Parties' Proposed Settlement, as embodied in the Stipulation and the exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies Plaintiff's class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> *All persons (not businesses) whose loans boarded with Plaintiff's in January of 2012 from Saxon Mortgage Services, Inc., during the Class Period from April 5, 2012 through January 5, 2014, and had their credit reports accessed by SLS and have not opted out of the Settlement Class.*

The foregoing is the "Settlement Class," and its members are "Class Members."

In support of this Settlement Class, the Court finds as follows:

The Parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

☐      Whether there was a willful violation of FCRA with respect to any persons who had their credit reports and/or credit scores obtained and used by SLS.

Plaintiff's claims are typical of the claims of the members of the Settlement Class. Plaintiff is a member of the Settlement Class and alleges that the same conduct of SLS applies to her as well as the other members of the Settlement Class. Plaintiff's claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiff and other members of the Settlement Class are based upon corresponding theories.

Plaintiff, as Class Representative, and Class Counsel can fairly and adequately represent the interest of the Settlement Class.

Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting on individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3.    If for any reason the Stipulation ultimately does not become effective, SLS's conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before July 12, 2014, and nothing stated in the Stipulation or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this

3

action or in any other action or proceeding of any kind.

4. Having reviewed the proposed form of Notice of the Proposed Class Action Settlement attached as Exhibit B, the Court hereby approves and directs the SLS to mail the Notice to those persons identified as Class Members.

5. The Court finds and determines that the Notice of the Proposed Class Action Settlement constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

6. Any Class Member who desires to request exclusion from the Settlement Class must file a written Claim or a written Statement of Exclusion in the form and manner required in the Notice of Settlement by **January 16, 2015**. Statements of Exclusion must be addressed to:

> Settlement Administrator
> c/o Analytics
> P.O. Box 2005
> Chanhassen, MN 55317

7. A hearing will be held before the Honorable Judge Susan Richard Nelson, United States District Court, 316 North Robert Street, St. Paul, Minnesota, Courtroom 7B at **11:00 a.m. on February 27, 2015** ("Final Settlement Hearing"), to determine: (a) whether a final judgment should be entered determining that the Proposed Settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a

final judgment should be entered dismissing the claims of Plaintiff and the Class Members with prejudice and on the merits, as required by the Stipulation; and (c) whether to approve the Class Representative's application for an award of Class Representative fee and of attorney's fees, costs, expenses, and disbursements of Class Counsel ("Fee Petition"). The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8. Within 45 days of the entry of this Order, SLS shall cause a declaration to be filed with the Court certifying that that Notice of the Proposed Class Action Settlement has been provided to the Settlement Class as directed in this Order and that notice has been provided to the appropriate Federal and State officials as required by 28 U.S.C. § 1715.

9. Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Proposed Class Action Settlement. Such written objections must be addressed to the Court Administrator and Class Settlement Administrator; must be filed with, and received by, the Court Administrator and the Class Settlement Administrator no later than **January 16, 2015**; must contain the objector's full name, telephone number, and current address; must declare that the objector is not a business, had their credit pulled by SLS during the Class Period; must provide a detailed statement of the objector's specific objections to any

5

matter before the Court and the grounds therefore; and all documents and other writings the objector wishes the Court to consider. Copies of all materials also must be filed with the Clerk of Court and the Class Settlement Administrator, on or before **January 16, 2015**:

>Clerk of Court
>United States Courthouse
>316 North Robert Street
>St. Paul, MN 55101
>
>Settlement Administrator
>c/o Analytics
>P.O. Box 2005
>Chanhassen, MN 55317

10. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Proposed Class Action Settlement. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

11. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against the SLS Released Parties any claims, if the Court approves the Proposed Settlement.

12. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiff and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against SLS Released Parties any claims that are being released in accordance with the Stipulation and Plaintiff and all Class Members shall be conclusively deemed to have released any and all such claims.

13. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Stipulation, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members and who have not requested exclusion, shall be entitled to a Settlement Payment as described in paragraph 4 of the Stipulation.

14. The Parties entered into the Stipulation solely for the purpose of compromising and settling disputed claims.  SLS has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiff in this Action and any liability of any sort to Plaintiff or any member of the Settlement Class. Nothing contained in the Stipulation, in any document relating to the Stipulation, or in this Order shall be construed, deemed or offered as an admission by Plaintiff or SLS, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

15. The Parties are ordered to take all reasonable steps necessary to complete this settlement in compliance with the following timeline:

| Date | Event |
|---|---|
| December 15, 2014 | Accomplish mailing of the Notice to the Settlement Class within twenty days of the Preliminary Approval Order |
| January 3, 2015 | File declaration certifying that notice has been published to the Settlement Class |
| January 16, 2015 | Deadline for Objections or Statements of Exclusion and submission of claims for voucher |
| February 1, 2015 | The attorneys for the Parties to report Objections or Statements of Exclusion |
| February 13, 2015 | File Motion for final approval, including seeking award for class representative and attorney's fees |
| February 27, 2015 at 11:00 a.m. | Attend the Final Settlement Hearing |
| TBD | Distribute Settlement Payments according to pre-determined schedule after the Final Hearing Order |
| TBD | Confirm payment of Class Representative Award and Plaintiff's Counsel Fees |

16. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing later.

**BY THE COURT:**

Dated: November 23, 2014          s/Susan Richard Nelson
                                  Susan Richard Nelson
                                  United States District Court